# Wilder *v.* The State.

*Violating Prohibition Law.*

(Decided December 17, 1912.  Rehearing denied April 8, 1913.
61 South. 600.)

*Appeal and Error; Harmless Error; Evidence.*—Where it is held that the action of the court substituting one grand juror for another did not invalidate the indictment preferred against the defendant, the admission of parol evidence tending to impeach the order of the court excusing such grand juror on hearing the preliminary motion and issues tendered by the pleas in abatement was without injury, if error.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Joe Wilder was convicted of violating the prohibition law and he appeals.  Affirmed.

For answer of Supreme Court to questions propounded, see 60 South. 923.

TIDWELL & SAMPLE, for appellant.  Counsel discuss the action of the court in reference to the grand jury and insist that the court was in error to such an extent as to invalidate the indictment, but in view of the opin-

ion it is not deemed necessary to here set out the argument and authorities in support thereof. The court erred in allowing the introduction of parol evidence, contradicting the order and record excusing Williamson as a member of the grand jury.—*State v. Allen,* 1 Ala. 442; *State v. Clarkson,* 3 Ala. 382; *State v. Brooks,* 9 Ala. 15; *Deslonde v. Darrington,* 29 Ala. 92; *Cross v. The State,* 63 Ala. 43; *Knox v. Paul,* 95 Ala. 507; *Ex parte Rice,* 102 Ala. 679.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, W. R. WALKER, SAMUEL BLACKWELL, and E. W. GODBEY, for the State. Counsel insist that if the action of the court in reference to the grand jury did not invalidate the indictment, then the admission of parol evidence tending to impeach the record was harmless, if error at all. They cite authorities in support of the rulings of the court on the validity of the indictment, but in view of the opinion, it is not deemed necessary to here set them out.

PELHAM, J.—The judges of this court, acting under the provisions of the statute, certified the question presented by this appeal on the following statement of facts as shown by the record in the case to the Supreme Court as an abstract proposition:

"The appellant in this case challenged the validity of the indictment against him by appropriate and timely attack in the trial court on the ground that the foreman of the grand jury, Geo. D. Williamson, had been excused by an order of the court on the 3rd day of August, 1912, from further service as a grand juror, but that, notwithstanding this fact, he continued to serve as the foreman of the grand jury until the 5th day of August, 1912, when, acting as such foreman, he returned into open

court the indictment in this case against the defendant, indorsed by him as such foreman.

"The record in this case shows the following order of the court: 'Now on this 3d day of August, 1912, on account of the sickness of Geo. D. Williamson, foreman of the grand jury now in session in this court, it is ordered by the court that the said Geo. D. Williamson be, and he is hereby, excused from further service on said grand jury.'

"Following this order is another order made by the court requiring the jury box to be brought into the court, and reciting that the presiding judge in open court drew from the jury box the names of two jurors, who were ordered to be duly summoned to appear in court on the 5th day of August, 1912, at 10 o'clock, to serve as grand jurors. It is further shown that the persons so drawn appeared on August 5, 1912, and that one of them was selected and sworn as a member of the grand jury, and that W. A. Boger, a member of the grand jury, was duly sworn as a foreman thereof.

"It is shown by the record in this case that the indictment upon which the defendant was put upon his trial was on August 5, 1912, returned to and received by the court and filed and indorsed, 'A true bill. G. D. Williamson, Foreman.'

"It appears from the pleadings raising the question of the validity of the indictment that the foreman of the grand jury, Geo. D. Williamson, applied to the court on Saturday, the 3d day of August, 1912, to be relieved from service as a grand juror because of his ill health, and that the court thereupon entered the order hereinabove set out, excusing said grand juryman, who had been selected as the foreman of the grand jury, from further service. It further appears, however, that the said Williamson continued to serve as foreman of the grand

jury and to participate in the deliberations of that body until some time during the day of August 5, 1912, when he returned into court the indictment in this case against the defendant, indorsed as above set forth.

"It is also shown that the indictment against the defendant was found by the grand jury after the said order excusing the said Williamson as foreman was entered by the court, and that Williamson participated in the deliberations of said grand jury at the time of finding the indictment.

"Question: Was the indictment preferred against the defendant in this case a valid indictment?"

The Supreme Court in response to the inquiry hold that the facts set forth did not affect the legality of the indictment.—*Wilder v. State,* 60 South. 923. If the court improperly admitted parol testimony having a tendency to impeach the order of the court excusing Williamson as a member of the grand jury on hearing the preliminary motions, issues tendered by the pleas in abatement, etc., it was without injury under the ruling made by the Supreme Court in this case on our certification, and would not authorize a reversal.

No other question is insisted upon or presented by the appeal in this case, and on the authority of the holding by the Supreme Court as above noted the case will be affirmed.

Affirmed.